UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSE ROSE,

       Petitioner,

          v.                     CAUSE NO. 3:19-CV-455-RLM-MGG

WARDEN,

       Respondent.

OPINION AND ORDER

Jesse Rose, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his convictions for child molestation under Cause No. 09D02-911-FA-13. Following a jury trial, on April 16, 2012, the Cass Superior Court sentenced Mr. Rose to two hundred years of incarceration.

In the amended petition, Mr. Rose argues that he is entitled to habeas relief because, on post-conviction review, the Cass Superior Court denied his request to call trial counsel as a witness and violated court rules by denying his petition without making specific findings of fact and conclusions of law. "Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015). To obtain habeas relief, a petitioner must demonstrate that a state court ruling: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Mr. Rose's claims about the procedural errors at the post-conviction stage don't fall under either category. He can't show that the state court decisions on these procedural errors were contrary to clearly established federal law because there is no constitutional right to state post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) ("States have no obligation to provide this avenue of relief."); Simmons v. Gramley, 915 F.2d 1128, 1137 (7th Cir. 1990) ("[S]tates have no obligation to provide post-conviction relief, which is not part of the criminal proceeding itself and is considered to be civil in nature."). Nor do these claims suggest that the state court made an unreasonable determination of fact in light of the evidence presented to the Cass Superior Court. These claims aren't a basis for habeas relief.

In the amended petition, Mr. Rose also argues that he is entitled to habeas relief because the Court of Appeals of Indiana imputed strategy into the decisions of trial counsel without evidentiary support. This argument bears some resemblance to a valid basis for habeas relief, but Mr. Rose doesn't explain in the amended habeas petition or in his traverse how he believes trial counsel performed deficiently. The court has tried to figure out which claims Mr. Rose might have intended to assert by reviewing his appellate briefs in State court, but these briefs focus entirely on procedural errors on post-conviction review without any restatement of the underlying claims. Similarly, the state appellate court addressed the procedural

issues raised by Mr. Rose but didn't consider the underlying claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004). Because Mr. Rose didn't present any ineffective assistance of counsel claims to the Court of Appeals of Indiana or the Indiana Supreme Court, these claims are procedurally defaulted. The court can't grant Mr. Rose habeas relief on ineffective assistance of counsel claims that he has procedurally defaulted in State court and that he has not asserted in this case.

## CERTIFICATE OF APPEALABILITY

Under Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Rose to proceed further.

For these reasons, the court DENIES the amended habeas corpus petition (ECF 11); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on March 30, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT